1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WILLIAM PATTERSON,

        Plaintiff,

v.

STEVEN GRIMM, et al.,

        Defendants.

2:10-CV-1292 JCM (RJJ)

**ORDER**

Presently before the court is plaintiff William Patterson's motion to remand to state court (doc. #11). Defendants Countrywide Home Loans Inc. and Bank of America jointly responded (doc. #15), and plaintiff replied (doc. #17). Also before the court is defendants Countrywide Home Loans, Inc.'s and Bank of America's joint motion to dismiss (doc. #5). Plaintiff responded (doc. #13), and defendants replied (doc. #14).

Plaintiff's claims stem from the purchase of an investment property at 90700 Tierra Santa Avenue in Las Vegas, Nevada. On about April 16, 2007, in accordance with an investment venture, plaintiff permitted defendant Grimm and/or defendant Mazzarella to purchase this property, with an understanding that Grimm and/or Mazzarella would rent the property to a third-person, collect rent, and pay the mortgage. (Doc. #1, compl., ¶30). Plaintiff would then retain any surplus profit. (*Id.*). Plaintiff now brings suit claiming that the documents submitted to the lender in originating the loan contained material statements that defendants should have known were false and/or obtained in a commercially unreasonable manner. (Doc. #1, compl., ¶38).

**James C. Mahan**
**U.S. District Judge**

I.      **MOTION TO REMAND (doc. #11)**

Under 28 U.S.C. §1441(b), this court has original jurisdiction over claims that turn on a substantial question of federal law. *Ultramar America, Ltd. v. Dwell,* 900 F.2d 1412, 1414 (9th Cir. 1990). Where a plaintiff claims to rely on a state remedy, but the rights he possesses are actually based on federal law, federal question jurisdiction exists. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1211–12 (9th Cir. 1980).

Plaintiff's claims arise under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2602, and the Truth in Lending Act (TILA) 15 U.S.C. § 1601. The majority of the claims asserted require the court to determine what information the defendants had a duty to disclose under federal law.

As the court has original jurisdiction over claims involving interpretation of RESPA and TILA, the court may adjudicate the entire case, including state law claims, pursuant to the doctrine of supplemental jurisdiction. 28 U.S.C. § 1441(c); 28 U.S.C. §1367(a); *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). Here, all of plaintiff's claims revolve around the same allegations of erroneous and misleading disclosures and are a part of the same case or controversy within the meaning of 28 U.S.C. §1367. Therefore, removal was proper.

II.     **MOTION TO DISMISS (doc. #5)**

Plaintiff alleges: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) violations of NRS 598D.010 *et seq.*, prohibiting unfair lending practices; (4) statutory violations; (5) consumer fraud, NRS 41.600, and deceptive trade practices, NRS 598; (6) fraud; (7) constructive fraud; (8) negligence per se; (9) negligence; (10) civil racketeering; (11) civil conspiracy; (12) intentional infliction of emotional distress; and (13) punitive damages. (Doc. #1, compl.).

Each claim, except the fourth, implicates defendant Countrywide, which plaintiff refers to in the complaint as "lender." (Doc. #1, compl., ¶21). Each claim, except claims one, two and four, implicates defendant Bank of America, which plaintiff refers to in the complaint as "mortgage purchaser." (Doc. #1, compl., ¶23). Countrywide and Bank of America have jointly filed the instant

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    motion to dismiss. (Doc. #5).

2        "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

3    as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

4    1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a

5    complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the

6    line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at

7    557). However, where there are well pled factual allegations, the court should assume their veracity

8    and determine if they give rise to relief. *Id.* at 1950.

9        A.    Breach of Contract (Claim 1)

10       To state a claim for breach of contract against defendant Countrywide, the plaintiff must

11   allege: (1) the existence of a valid agreement between the plaintiff and the defendants; (2) a breach

12   by the defendants; and (3) damages as a result of the breach. *Calloway v. City of Reno*, 993 P.2d

13   1259 (Nev. 2000). Once a plaintiff proves these prima facie elements, the burden shifts to the

14   defendant to show that his nonperformance was excused or otherwise defensible. *Hewitt v. Allen*,

15   43 P.3d 345, 349 (Nev. 2002).

16       Plaintiff first alleges that "Countrywide had an obligation and duty, under the loan agreement,

17   to ensure that Mr. Patterson had the ability to repay the loan." (Doc. #13, p.9). Plaintiff also states

18   that Countrywide breached its contractual duty to inform Mr. Patterson of the fraudulent practices

19   of other named defendants and to notify Mr. Patterson that his loan application contained "numerous

20   false statements and alleged forgeries." *Id.* These allegations seem to assert that Countrywide

21   breached unspecified statutory and/or common law duties, rather than a specific contract provision.

22       Plaintiff's second allegation that defendant Countrywide breached the loan agreement by

23   failing to notify plaintiff of default before foreclosing (doc. #1, compl. ¶63) is also without merit.

24   Defendants cite the publicly recorded deed of trust, which states that "if any notice required by this

25   Security Instrument is also required under Applicable Law, the Applicable Law requirement will

26   satisfy the corresponding requirement under this Security Agreement." (Doc. #6-1, ex. D, ¶15). In

27   accordance with this provision, defendants satisfied their contractual obligation by publicly recording

28

**James C. Mahan**
**U.S. District Judge**

1   notice of default. NRS 107.080; (doc. #6-1, ex. G).

2          The court may consider these publicly recorded documents on a motion to dismiss so long

3   as their authenticity has not been questioned. *Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282

4   (9th Cir. 1986) (holding that a court may take judicial notice of publicly recorded documents); *see*

5   *also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (holding that consideration of judicially

6   noticed extrinsic documents does not convert a motion to dismiss in to a motion for summary

7   judgment). Accordingly, the breach of contract claim is dismissed as to defendant Countrywide.

8          B.     <u>Breach of the Covenant of Good Faith and Fair Dealing</u> (Claim 2)

9          To state a claim of breach of the covenant of good faith and fair dealing against defendant

10   Countrywide, plaintiff must allege: (1) plaintiff and defendant were parties to an agreement; (2) the

11   defendant owed a duty of good faith to the plaintiff; (3) the defendant breached that duty by

12   preforming in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's

13   justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). In Nevada, an

14   implied covenant of good faith and fair dealing exists in every contract, *Consol Generator-Nevada*

15   *v. Cummins Engine*, 917 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its

16   breach if the defendant deliberately contravenes the intention and spirit of the agreement, *Morris v.*

17   *Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994).

18          Plaintiff alleges, as he did in the breach of contract claim, that "Countrywide's failure to

19   investigate or look into the deficiencies on the loan documents, as well as its failure to advise Mr.

20   Patterson of those deficiencies so that he could investigate, amounts to a breach of the contractual

21   covenant of good faith and fair dealing." (Doc. #13, p. 11–12). These allegations relate to events that

22   took place during the origination of the loan, and therefore the claim fails on the first prong of the

23   four-part test because plaintiff and defendant were not yet "parties to an agreement." Accordingly,

24   defendant Countrywide's motion to dismiss is granted as to claim two.

25          C.     <u>Unfair Lending Practices</u> (Claim 3)

26          Plaintiffs third claim for relief alleges that defendants Bank of America and Countrywide

27   engaged in unfair lending practices, as defined in NRS 598D.100.

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

An action upon statute for penalty or forfeiture has a two-year statute of limitations, unless the statute provides otherwise. NRS 11.190(4)(b). The statute at issue, NRS 598D, qualifies as a statute for penalty and does not provide a contrary limitations period. Plaintiff's loan issued in April of 2007, and plaintiff filed the instant complaint on March 16, 2010. (Doc. #1). Accordingly, the claim is time-barred and is dismissed against defendants Countrywide and Bank of America. *See, e.g., Freeto v. Litton Loan Serv. LP*, 2010 WL 2730596 (D. Nev. 2010) (finding that where a loan was issued in 2005, but the complaint was filed in 2009, the claim was time-barred). Defendants' motion to dismiss is granted as to claim three.

> D.   Consumer Fraud, NRS 41.600, and Deceptive Trade Practices, NRS 598 (Claim 5), Fraud (Claim 6) and Constructive Fraud (Claim 7)

Any claim of fraud must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). To meet this standard, plaintiff must present details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

Plaintiff has alleged three claims of fraud against defendants Countrywide and Bank of America – claim five, claim six, and claim seven. Although plaintiff cites *Rocker v. KPMG LLP*, 148 P.3d 703 (Nev. 2006), for the proposition that he should be accorded a relaxed pleading standard, that doctrine is inapplicable in this case. As defendants note, *Rocker* applies only where the information necessary to meet the requirements of Rule 9(b) is solely in the defendants' possession "and cannot be secured without formal, legal discovery." *Id.* at 710.

Here, plaintiff complains of forgeries of his signature, misrepresentations of his finances, and inconsistencies within documents in his possession. None of these matters are solely within defendants' possession or control. Accordingly, plaintiff is held to the heightened pleading standard of Rule 9(b).

> I.   *Consumer Fraud (Claim 5)*

The fifth claim alleges consumer fraud and violations of NRS 41.600 and NRS 598. Plaintiff

James C. Mahan
U.S. District Judge

1  states that "Defendant Mortgage Broker Company, Insurance Company, Mortgage Purchase

2  Company, Mortgage Agent, Title Company and Lender, as previously alleged, performed acts and

3  omitted performing acts, which constitute a deceptive trade practice under one or more of the

4  provisions of NRS 598.0903, *et seq.,* including but not limited to: NRS 598.0915(2), (5), (7), (9),

5  (13), (14), (15), (16); and NRS 598.0917(2), (6), (7)." (Doc. #1, compl., ¶ 93).

6        These allegations are insufficient to meet the heightened pleading requirement for claims of

7  fraud under Rule 9(b). Plaintiff has not identified acts, committed by specific defendants, which

8  would constitute deceptive trade practices or consumer fraud. Moreover, only one of the eleven

9  statutes cited by plaintiff, NRS 598.0915(15), could conceivably apply to home loans or mortgages.

10  *See* NRS 598.0915(2), (5), (7), (9), (13), (14), (16); NRS 598.0917(2), (6), (7) (all applying

11  specifically to the sale or lease of goods or to retail installment transactions). Even NRS

12  598.0915(15), which makes making a false representation in a transaction a deceptive trade practice,

13  does not apply to defendants Countrywide and Bank of America, because plaintiff has not alleged

14  that either defendant made false statements. Rather, plaintiff alleges that other defendants made false

15  statements to Countrywide and Bank of America. Accordingly, claim five is dismissed as to both

16  defendants.

17                ii.    *Fraud (Claim 6)*

18        In the sixth claim for relief, plaintiff alleges that "Defendants intentionally presented

19  information they knew was false concerning the Plaintiff . . . [and] intentionally failed to provide

20  information to Plaintiff that Defendants knew was material to the transactions at issue." (Doc. #1,

21  compl., ¶ 98). Specifically, plaintiff alleges that the false representations included: (1) statements that

22  the loans were suitable to the plaintiff, (2) that the loans were appropriate for plaintiff's financial

23  position, and (3) that the loans were otherwise a beneficial transition [sic] for Plaintiff." (*Id.*).

24        First, this claim alleges no acts committed by defendant Bank of America, which purchased

25  the loan from Countrywide. All of the allegations relate to the origination of the loan.

26        Second, claim five fails to plead fraud against defendant Countrywide with particularity as

27  required by Rule 9(b). Specifically, the claim is full of conclusory allegations, such as defendants

28

James C. Mahan
U.S. District Judge

"intentionally failed to disclose to the fraudulent activities of other Defendants to Plaintiff." (Doc. #1, compl., ¶102). Accordingly, the sixth claim for relief is dismissed as to defendants Countrywide and Bank of America.

                iii.    *Constructive Fraud (Claim 7)*

Finally, the seventh claim for relief alleges that the defendants Countrywide and Bank of America committed constructive fraud. "Constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others or to violate confidence . . . [and] may arise where there has been a breach of duty arising out of a fiduciary or confidential matter." *Exec. Mgmt. Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465 (Nev. 1998).

As to defendant Bank of America, the complaint alleges only that "Defendants, and each of them, were in a relationship of special confidence with Plaintiff. . . ." (Doc. #1, compl., ¶113). Plaintiff provides no facts to overcome the general rule that a lender and borrower do not have such a special relationship. *See Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F. Supp. 2d 1075, 1090 (D. Nev. 2004) (holding that a plaintiff must set forth sufficient facts to overcome the general rule).

As to defendant Countrywide, in his opposition to the motion to dismiss, plaintiff alleges that Countrywide's employee, Pamela Miller, met with plaintiff to fill out the loan application and broker the loans, creating the requisite special relationship between the parties. (Doc. #13, p.21). None of this is in plaintiff's complaint, and plaintiff does not explain how the alleged interaction created the requisite relationship.

Accordingly, as plaintiff has failed to allege a legal or equitable duty, and claim seven is dismissed as to defendants Countrywide and Bank of America.

E.      <u>Negligence Per Se</u> (Claim 8)

To state a claim for negligence per se, a plaintiff must allege that: (1) he or she belongs to a class of persons that a statute was intended to protect; (2) the defendant violated the relevant statute; (3) the plaintiff's injuries are the type against which the statute was intended to protect; (4)

James C. Mahan
U.S. District Judge

1   the violation was the legal cause of plaintiff's injury; and (5) plaintiff suffered damages. *See*

2   *Anderson v. Baltrusaitis*, 944 P.2d 797, 799 (1997). Whether a particular statute establishes a

3   standard of care in a negligence action is a question of law. *Vega v. E. Courtyard Assocs.*, 24 P.3d

4   219, 221 (Nev. 2001). Under NRS 11.190, the relevant statute of limitations for negligence per se

5   is three years. *Torreabla v. Kesmetis*, 178 P.3d 716 (Nev. 2008).

6         First,, this claim fails to mention defendant Bank of America. Second, as to defendant

7   Countrywide, plaintiff alleges that "[a]t the time the subject loan transaction occurred, Defendants

8   Mortgage Broker Company, Mortgage Agent, and Lender were subject to the provisions of Unfair

9   Lending Practices Act, NRS 598D.100, *et seq.* (enacted 2003) and other applicable State Statutes

10  and Administrative Codes." (Doc. #1, compl., ¶127). Plaintiff alleges that lender-Countrywide

11  violated these provisions, citing *Rocker v. KPMG LLP*,149 P.3d 703 (Nev. 2006), to excuse the lack

12  of specificity in the complaint.

13        Again, plaintiff complains of forgeries of his signature, misrepresentations of his finances,

14  and inconsistencies within documents in his possession. None of these matters are solely within

15  defendants' possession or control, and plaintiff is unable to rely on *Rocker* for failing to comply with

16  the heightened pleading requirement of Rule 9(b). Accordingly, claim eight is dismissed as to

17  defendants Countrywide and Bank of America.

18        F.        <u>Negligence</u> (Claim 9) <u>and Intentional Infliction of Emotional Distress</u> (Claim 12)

19        An action to recover damages for injuries to a person caused by the wrongful act or neglect

20  of another must be brought within two years. NRS 11.190(4)(e). Nevada uses a discovery rule for

21  determining when the statute of limitations begins to run. *Torrealba v. Kesmetis*, 178 P.3d 716, 723

22  (Nev. 2008).

23        Plaintiff's ninth claim for relief, negligence, falls under the two-year statute of limitations.

24  Plaintiff's loan issued in April of 2007, and plaintiff filed the instant complaint on March 16, 2010.

25  (Doc. #1). Plaintiff himself alleges that the deficiencies complained of were apparent on the face of

26  the loan documents (doc. #1, compl., ¶53), meaning plaintiff could have first discovered the

27  deficiencies when he entered into the loan agreement.

28

**James C. Mahan**
**U.S. District Judge**

1    Similarly, plaintiff's claim of intentional infliction of emotional distress constitutes an injury

2  to the person and falls under Nevada's two-year statute of limitations. Plaintiff claims that "[t]he acts

3  of Defendants, each of them, were extreme and outrageous and were designed and calculated, in hole

4  [sic] or in part, to cause emotional distress in Plaintiff." (Doc. #1, compl., ¶160). This referenced

5  conduct occurred during the origination of the loan in April of 2007, nearly three-years before the

6  plaintiff filed the instant complaint.

7    Accordingly, as the statute of limitations has run, both claims nine and twelve are dismissed

8  as to defendants Countrywide and Bank of America.

9    G.    Civil Racketeering (Claim 10)

10    To state a claim under Nevada's RICO statute, the plaintiff must allege: (1) his injury flows

11  from the defendant's violation of a predicate Nevada RICO act, found at NRS 207.360; (2) the injury

12  was proximately caused by the defendant's violation of the predicate act; and (3) the plaintiff did not

13  participate in the commission of the predicate act. *Allum v. Valley Bank of Nev.*, 849 P.2d 297, 299

14  (Nev. 1993). Racketeering is defined as "engaging in at least two crimes related to racketeering that

15  have the same or similar pattern, intents, results, accomplices, victims or methods of commission,

16  or are otherwise interrelated by distinguishing characteristics and are not isolated instances. . . ."

17  NRS 207.390.

18    Here, plaintiff has failed to allege a predicate RICO act. Although plaintiff does claim that

19  his signature was forged on unidentified loan documents, the defendant-lender and defendant-

20  mortgage purchaser would have been equally victimized by this act. Furthermore, plaintiff has failed

21  to allege a pattern that would qualify as racketeering activity. Due to these deficiencies, the tenth

22  claim for relief is dismissed as to defendants Countrywide and Bank of America.

23    H.    Civil Conspiracy (Claim 11)

24    To allege a conspiracy to defraud, a complaint must meet the particularly requirements of

25  Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining

26  the conspiracy. *Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001).

27  Allegations of conspiracy should be accompanied by the who, what, when, where, and how of the

28

**James C. Mahan**
**U.S. District Judge**

- 9 -

misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiff alleges that "[a]ll Defendants agreed overtly and/or by acquiescence or omission to: Work together to have Plaintiff close the subject loans through: fraud, misrepresentation, and to breach their duties and obligations . . . to plaintiff." (Doc. #1, compl., ¶152). Plaintiff has failed to identify which acts or omissions by which defendants constituted joining the conspiracy and has failed to plead its conspiracy claim with particularity as required under Rule 9(b). Accordingly, the eleventh claim for relief is dismissed as to defendants Countrywide and Bank of America.

I.     Punitive Damages (Claim 13)

Punitive damages are a remedy and not a cause of action. *Lund v. J.C. Penny Outlet*, 911 F. Supp. 442, 445 (D. Nev. 1996). Whereas defendants Countrywide and Bank of America's motion to dismiss is granted in its entirety, plaintiff is not entitled to punitive damages at this juncture. The thirteenth claim is dismissed as to defendants Countrywide and Bank of America.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand (doc. #11) is DENIED.

IT IS FURTHER ORDERED that defendants Countrywide's and Bank of America's motion to dismiss (doc. #5) is GRANTED.

IT IS FURTHER ORDERED that the case be dismissed without prejudice as to defendants Countrywide and Bank of America.

DATED November 1, 2010.

**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 10 -